ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Jul-06 15:36:05
60CV-18-2602
C06D02 : 5 Pages

### IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### HON. CHRIS PIAZZA – 2ND DIVISION 6TH CIRCUIT

**DENNIS PRICE**                                                                                           **PLAINTIFF**

**V.**                                        **CASE NO. 60CV-18-2602**

**PULASKI COUNTY, ARKANSAS**                                                             **DEFENDANTS**

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant, Pulaski County, Arkansas, by and through its attorneys, Cross, Gunter, Witherspoon & Galchus, P.C., for its Answer to Plaintiff's Complaint, states that:

### PARTIES

1. Defendant admits the allegations contained in Paragraphs 1 of the Plaintiff's Complaint.

2. Defendant admits the allegation contained on Paragraph 2 of the Plaintiff's Complaint.

### JURISDICTION AND VENUE

3. Paragraph 3 of the Plaintiff's Complaint states conclusion of law with respect to this Court's jurisdiction and venue, for which no affirmative response is required.

### GENERAL ALLEGATIONS OF FACT

4. Defendant admits the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. The Defendant admits the allegations contained in sentences 1 and 4 of Paragraph 7 of the Plaintiff's Complaint. The Defendant denies the allegations contained in sentences 2 and 6 of Paragraph 7 of the Plaintiff's Complaint. The Defendant admits that the

236531

Plaintiff's FMLA documentation from his doctor indicated he would need to be off approximately two times a year for a flare up. The Defendant has no information in which to admit or deny the allegations contained in sentence 5 of Paragraph 7 and therefore, denies those allegations.

8. The Defendant denies the allegations contained in Paragraph 8 of the Plaintiff's Complaint. The Plaintiff violated the Defendant's attendance policy which requires that employees who are absent for two consecutive work days without personally notifying their supervisor will be considered as having voluntarily resigned their position. The Plaintiff was absent three consecutive work days without personally notifying his supervisor.

9. Defendant denies the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant admits that the Plaintiff requests a jury trial, but denies that he is entitled to any relief.

12. Defendant admits that the Plaintiff seeks monetary damages, but denies that the Plaintiff's is entitled to any such relief.

13. Defendant admits that the Plaintiff prays for certain relief in the WHEREFORE section, but denies that the Plaintiff is entitled to any such relief.

14. Defendant denies each and every allegation not specifically admitted herein.

15. Defendant denies that the Plaintiff is entitled to any of the relief sought.

16. Defendant denies that the Plaintiff has suffered any damages.

17. Defendant reserves its right to amend its pleadings upon completion of Discovery.

## DEFENSES

1. In order to preserve its affirmative defenses and pending completion of discovery, the Defendant affirmatively pleads that the Plaintiff's claims are barred, wholly or in

236531

part, by estoppel, unclean hands, release, laches, waiver, accord and satisfaction, or indemnification, and any other defenses and affirmative defenses contained in Fed. R. Civ. P. 8(c) and 12(h).

2. Plaintiff's Complaint fails to state a claim for which relief may be granted as required by Rule 12(b)(6) of the Fed Rules Civil Procedure under the FMLA or any other law.

3. All employment decisions regarding or affecting the Plaintiff were based upon legitimate, non-discriminatory, and reasonable business decisions that were in no way related to the Plaintiff's purported FMLA leave.

4. This Court lacks jurisdiction over the subject matter of any and all untimely claims.

5. Any improper, illegal, or discriminatory actions by any employees of the Defendant were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by the Defendant and, thus, cannot be attributed or imputed to the Defendant.

6 The Plaintiff's claims are barred, in whole or in part, because the Plaintiff cannot establish a *prima facie* case of retaliation or interference under the FMLA.

7. The Plaintiff's claim for damages is barred in whole or in part by the doctrine of after-required evidence.

8. Without conceding that the Plaintiff has suffered any damages as a result of any alleged wrongdoing by the Defendant, the Plaintiff's claims are barred, in whole or in part, because the Plaintiff failed to make reasonable efforts to mitigate, minimize, or avoid any damages allegedly sustained.

9. To the extent that the Plaintiff mitigated, minimized, or avoided any damages allegedly sustained, which the Defendant denies, any economic damages against the Defendant must be reduced by that amount.

236531

10. To the extent that the Plaintiff failed to make reasonable efforts to mitigate, minimize, or avoid any damages allegedly sustained, any economic damages against the Defendant must be barred.

11. The Defendant engaged in good faith efforts to comply with the FMLA requirements. Moreover, the conduct complained of by the Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of the FMLA.

12. Some or all of the proported claims in the Complaint are barred in whole, or in part by the Plaintiff's own acts, omissions, or misconduct.

13. Some or all of the Plaintiff's claims are barred, in whole or in part because the Plaintiff's employment with the Defendant was, at all times, at will.

WHEREFORE, the Defendant respectfully prays that this court dismiss the Plaintiff's Complaint with prejudice, deny each and every demand, claim and prayer for relief contained in the Complaint, and award to the Defendant reasonable attorneys fees and cost incurred in defending the action, and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

 /s/ Carolyn B. Witherspoon
Carolyn B. Witherspoon (Ark. Bar No. 78172)
Cross, Gunter, Witherspoon & Galchus, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, AR  72201
Phone: 501-371-9999
Fax: 501-371-0035
Email: cspoon@cgwg.com

236531

**CERTIFICATE OF SERVICE**

    I, Carolyn B. Witherspoon of Cross, Gunter, Witherspoon & Galchus, P.C., hereby certify that on this 6th day of July, 2018, I served a copy of the foregoing document via the Court's e-File system, which shall give notice to the following:

    Paul Pfeifer (Ark. Bar No. 98121)
    Pfeifer Law Firm, P. A.
    111 Center Street, Suite 1200
    Little Rock, AR 72201
    Phone: 501-374-4440
    Fax: 501-374-4446
    Email: paul@pfeiferlawfirm.net

                                            */s/ Carolyn B. Witherspoon*
                                            Carolyn B. Witherspoon

236531